UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEITH D. SMITH,

       Petitioner,        CIVIL ACTION NO. 04-CV-71154-DT

vs.                      DISTRICT JUDGE ARTHUR TARNOW

                          MAGISTRATE JUDGE DONALD A. SCHEER

DOUG VASBINDER,

       Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: The instant Petition for Writ of Habeas Corpus should be dismissed as Petitioner has shown no violations of his federal constitutional rights.

          \*     \*     \*

Petitioner, Keith D. Smith, a Michigan prisoner convicted of first-degree premeditated murder, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, on April 1, 2004, challenging the validity of his underlying state conviction. Petitioner was convicted after a jury trial in May

2001, in the Wayne County Circuit Court, and was subsequently sentenced to life imprisonment without parole.

Petitioner filed an appeal as of right in the Michigan Court of Appeals and, in an unpublished per curiam opinion dated June 12, 2003, the Court affirmed the conviction. (Docket #236006). Thereafter, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, but on December 30, 2003, the Court denied leave to appeal in a standard order (Docket #124191).

Petitioner then filed the instant Petition for Writ of Habeas Corpus in this Court asserting the following six grounds for relief:

> 1. Petitioner was denied his constitutional right to due process when the prosecutor improperly:
>
> a. vouched for the credibility of her witnesses;
>
> b. suggested that defendant's sister, if she had testified, would have bolstered the prosecution's case;

      c. presented the testimony of a police officer as a rebuttal witness without notice;

      d. asked a defense witness [defendant's supervisor] whether a prosecution witness was lying;

      e. referred to defendant in rebuttal argument as a liar.

2. Petitioner was denied a fair trial by the trial court's flight instruction to the jury.

3. The trial court erred in refusing to suppress his identification resulting from a photographic array without defense counsel present.

4. Petitioner was denied the effective assistance of counsel when his attorney failed to object to other acts evidence offered by the prosecution without proper notice.

5. Petitioner was denied due process and a fair trial by the trial court's reasonable doubt instruction to the jury.

6. Petitioner was denied due process by the cumulative effect of several errors at trial.

Respondent filed an Answer to the Petition on September 15, 2004, contending that none of the issues raised by Petitioner had any merit. Petitioner filed a reply to Respondent's Answer on October 6, 2004. The case was referred to the undersigned on March 7, 2005.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), effective April 24, 1996, significantly changed the manner in which federal courts review habeas petitions. See 28 U.S.C. § 2254. Pursuant to the amended provisions of § 2254(d), a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d)(1)-(2).

In reviewing the petition to determine, pursuant to subsection (2), whether the decision was based on an unreasonable determination of facts, we presume correct the factual findings made by the state court, § 2254(e)(1), and the petitioner may rebut the presumption of correctness only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

On April 18, 2000, the Supreme Court issued a decision in Williams v. Taylor, 529 U.S. 362 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d) with respect to the effect of federal law. The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Id. at 412. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 408. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

## THE ISSUES

### PROCEDURAL DEFAULT BASED ON FAILURE TO OBJECT (Grounds 1a-c, 2, 5)

Petitioner maintains that the prosecutor improperly vouched for the credibility of her witnesses (ground 1a). Petitioner also asserts that the prosecutor committed misconduct by insinuating, during the cross-examination of defendant, that Petitioner's sister, if she had testified, would have bolstered the prosecution's case (ground 1b). Petitioner argues that the prosecutor improperly presented testimony of a police officer as a rebuttal witness without providing proper notice (ground 1c). Petitioner also claims that he was denied a fair trial when the trial judge instructed the jury on flight (ground 2) and reasonable doubt (ground 5). The Michigan Court of Appeals found that these claims were procedurally barred because no objection was made at trial, contrary to Michigan's rule which requires either a contemporaneous objection or request for a curative instruction to preserve such a claim for appeal. See, People v. Grant, 445 Mich 535, 546 (1994). Counsel for Petitioner did not

6

contemporaneously object to the alleged misconduct of the prosecutor, the rebuttal testimony from the police officer, or the judge's instructions to the jury on flight and reasonable doubt. As a result, appellate review of these issues was waived under Michigan law, absent manifest injustice. See People v. Van Dorsten, 441 Mich 540, 544-545 (1993); People v. Turner, 213 Mich App 558, 573 (1995). The Michigan Court of Appeals ruled that manifest injustice had not occurred and the court refused to consider these claims.

When the violation of a valid state procedural rule is relied upon by the state courts to bar appellate review of a federal constitutional claim, a petitioner may only obtain federal habeas relief by demonstrating cause for the default and actual prejudice resulting from the alleged constitutional violation, or by demonstrating that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722 (1991); Murray v. Carrier, 478 U.S. at 495-496. Petitioner here has failed to show cause for the defaults. As the United States Supreme Court held in Murray, counsel's ignorance or inadvertence, short of ineffective

7

assistance of counsel, does not constitute cause for a procedural default. Id. at 491.

Furthermore, failure to consider these claims will not result in a fundamental miscarriage of justice. Petitioner presents no new evidence to show that he is actually innocent of the crime for which he was convicted. While prosecutors are prohibited from vouching for a witness' credibility, People v. Bahoda, 448 Mich 261, 276 (1995), they are allowed to argue to the jury that a particular witness is more believable based on the evidence presented. People v. Launsburry, 217 Mich App 358, 361 (1996). Moreover, the trial judge's instructions, when viewed as a whole, fairly presented the issues to the jury. In light of the evidence that Petitioner fled the state shortly after the decedent's death, rebuttal testimony from a police officer that the defendant never picked up his final paycheck was found by the Michigan appellate court to have been proper. Based on the record, there is little likelihood that Petitioner's conviction amounted to a miscarriage of justice, was fundamentally unfair, or constituted a violation of any specific constitutional right. Consequently, all five claims for habeas corpus relief should be dismissed based upon Petitioner's procedural default.

PROSECUTORIAL MISCONDUCT (Grounds #1d & 1e)

When a petitioner makes a claim of prosecutorial misconduct, "the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." Serra v. Michigan Department of Corrections, 4 F.3d 1348, 1355-1356 (6th Cir. 1993)(quoting Smith v. Phillips, 455 U.S. 209, 219 (1982). On habeas review, the role of the federal court is to determine whether the conduct was "so egregious as to render the entire trial fundamentally unfair." Id.(quoting Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir.), cert. denied, 444 U.S. 936 (1979). The court in Serra set out the following test to determine if fundamental fairness results from prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.
>
> Id. at 1355-1356.

In the present case, Petitioner claims that the prosecutor committed misconduct when she cross-examined the Petitioner's supervisor, Garrett Douglas, about whether a prosecution witness

9

was lying (ground 1d). Even though it was improper under Michigan law for a prosecutor to attempt to discredit a defense witness by inviting him to comment on the credibility of a prosecution witness, People v. Buckey, 424 Mich 1, 17 (1985), Petitioner could not have been prejudiced by the prosecutor's question. The trial court immediately sustained defense counsel's objection to the inquiry. Since the question was isolated, and did not involve a comment on Petitioner guilt or innocence, I am persuaded that it did not bolster the credibility of the prosecution witness.

Petitioner also maintained that the prosecutor improperly referred to him as a liar during her rebuttal argument (ground 1e). Petitioner's claim is wholly without merit. As pointed out by the Michigan Court of Appeals, Petitioner admitted that he moved to Georgia and began using his uncle's name after the decedent's death. As a result, the prosecution's reference to Petitioner as a liar constituted proper commentary on the evidence. The Court of Appeals was satisfied that the prosecutor's actions do not constitute prosecutorial misconduct. Even if the statement was assumed to be improper, there is no evidence to suggest that it rendered the entire trial fundamentally unfair. I find that the Petitioner is not entitled to relief on this issue.

10

PRE-CUSTODIAL PHOTOGRAPHIC LINEUP (Ground 3).

Petitioner claims that he was denied his right to have counsel present at a pre-custodial photographic line-up where he was identified by two witnesses. He maintains that the trial court improperly denied defense counsel's motion to suppress the photographic identification. The Supreme Court has determined that the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the police for the purpose of allowing the witness to attempt the identification of the offender. United States v. Ash, 413 U.S. 300, 321 (1972). The court stated that the risks inherent in the use of photographic displays are not so pernicious that an extraordinary system of safeguards is required. Id. at 321.

The Michigan Court of Appeals ruled that Petitioner was not entitled to counsel at the photographic lineup, since he was not yet in custody. That conclusion was neither contrary to, nor an unreasonable application of any Supreme Court case. Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

## INEFFECTIVE ASSISTANCE OF COUNSEL (Ground 4)

Petitioner also challenges the competency of his trial attorney. Petitioner claims he received ineffective assistance of counsel when his attorney failed to move *in limine* for the exclusion of a police officer's rebuttal testimony that defendant failed to pick up his last paycheck following the murder of the victim. Respondent countered that the overall performance of counsel was within the range of acceptable professional conduct demanded of lawyers practicing criminal law.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial. <u>Id</u>.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally

12

competent assistance" in order to prove deficient performance. Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. Id. at 690.

In the instant case, Petitioner's counsel could not have objected to the police officer's rebuttal testimony because the prosecution was entitled to impeach key defense witnesses. Garrett Douglas, Petitioner's supervisor, had testified that he remembered that Petitioner had picked up his last paycheck during the final week of March 1998 (See May 8, 2001, Trial Transcript at TR 107). On cross examination, Douglas denied that he had told Sgt. Prince that Petitioner never returned to get his last paycheck (TR 108). Petitioner later testified that he picked up his last paycheck on March 24, 1998 (TR 117). The murder occurred on March 25, 1998, and Petitioner testified that he left the state a few of weeks later (TR 122).

In rebuttal, Sgt. Prince testified that Douglas told him that Petitioner never collected his last paycheck. The police officer stated that he kept returning to Petitioner's place of employment to see if the check was ever picked up (TR 127). Since the

13

rebuttal testimony of Sgt. Prince was entirely proper as impeachment evidence, defense counsel would have had no basis to move to have it excluded. Moreover, the paycheck issue was really essential to the case since two eyewitnesses testified that they saw Petitioner enter the victim's house, and then heard the victim begging for his life. The paycheck issue did not provide Petitioner with an alibi, and neither party even mentioned the paycheck in closing arguments.

Accordingly, Petitioner has not demonstrated that he was denied the effective assistance of counsel at trial, and he is not entitled to habeas relief based on this claim. Having failed to establish that his counsel's performance was beneath the level of performance demanded of criminal lawyers, or that he was prejudiced to the point of being wrongly convicted, his claim of ineffective assistance of counsel should be dismissed as being without merit.

## CUMULATIVE ERRORS (Ground 6)

Lastly, Petitioner claims that he was denied due process and a fair trial by the cumulative errors raised herein. In his petition for habeas corpus review, Petitioner raised six alleged

errors in the trial court. As earlier discussed, Petitioner was procedurally barred from raising grounds 1a, 1b and 1c as well as his second and fifth assignments of error. Therefore, these alleged errors need not be included in any cumulative error analysis. Moreover, the remaining allegations of error in the trial court, when considered individually or together, "pale into relative insignificance" given the weight of the evidence against Petitioner. Lundy v. Campbell, 888 F.2d 467, 481 (1989). I am persuaded that the cumulative effect of the errors in the trial court did not deny petitioner a fair trial.

For all of the above reasons, I find that there is no substantial showing of any violation of Petitioner's constitutional rights, and no basis under the highly deferential standard of the AEDPA to find any unreasonable application of clearly established federal law by the state trial courts in this case. Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus be dismissed.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

*Donald C. Scheer*

DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 4/12/05

cc: Honorable Arthur Tarnow
    Keith Smith
    Janet Van Cleve

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH D. SMITH,

        Plaintiff,        CIVIL ACTION NO. 04-71154

v.                        DISTRICT JUDGE ARTHUR J. TARNOW

DOUG VASBINDER,       MAGISTRATE JUDGE DONALD A. SCHEER

        Defendant.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in <u>pro per</u> in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 12th day of April, 2005.

    Keith Smith
    #162905
    Newberry Correctional Facility
    3001 Newberry Street
    Newberry, MI 49868

    Janet Van Cleve
    Assistant Attorney General
    Habeas Corpus Division
    P.O. Box 30217
    Lansing, MI 48909-7717

                                                         /s/ Terri L. Hackman
                                          Terri L. Hackman, Secretary to
                                          Magistrate Judge Donald A. Scheer

FILED 2005 APR 12 P 3:05