UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

SEP 29 2005

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

KEITH D. SMITH,

    Petitioner,

v.

No. 04-71154
HON. ARTHUR J. TARNOW

DOUG VASBINDER,
Warden, G. Robert Cotton
Correctional Facility

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY [31]

On August 19, 2005, the Court issued an opinion and order denying the petition for writ of habeas corpus. On September 22, 2005, Petitioner filed a motion for issuance of certificate of appealability [31] and a separate application to be allowed to continue to proceed *in forma pauperis* [32] to the Court of Appeals for the Sixth Circuit. The court will GRANT both Petitioner's Motion for Certificate of Appealability [31] and in a separate Order GRANT Petitioner's application to proceed *in forma pauperis* [32].

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A). In order to issue a certificate of appealability, the district court must find that the Petitioner has made a "substantial showing of

*Keith v. Vasbinder*, 04-71154

the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1034 (2003).

The Court's ego tells it that all reasonable jurists would agree with its resolution of the issues raised by Petitioner. The Court's experience, however, is to the contrary. Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review. *See, e.g., Taylor v. Howes,* 26 Fed. Appx. 397, 399 (6th Cir. 2001). Because the Court is not infallible and does not believe that its decision should be insulated from further review, the Court finds that reasonable jurists could find it debatable whether Petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2). Therefore, the Court certifies the following issues for appeal:

1. Whether Petitioner is entitled to habeas relief because he was denied his constitutional right to due process when the prosecutor improperly:

    a) vouched for the credibility of her witnesses;

    b) suggested that the defendant's sister, if she had testified, would have bolstered the prosecution's case;

    c) presented the testimony of a police officer as a rebuttal witness without notice;

    d) asked a defense witness whether a prosecution witness was lying;

*Keith v. Vasbinder*, 04-71154

    e)    referred to defendant in rebuttal argument as a liar.

2.    Whether Petitioner is entitled to habeas relief because was denied the effective assistance of counsel when his trial attorney failed to object to other acts evidence offered by the prosecution without proper notice.

The Court hereby **GRANTS** Petitioner a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

**IT IS SO ORDERED.**

*/s/ Arthur J. Tarnow*
Arthur J. Tarnow
United States District Judge

Dated: **SEP 3 0 2005**